# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

TROY McRAE,

        Petitioner,         :        Case No. 3:20-cv-168

  - vs -                            District Judge Walter H. Rice
                                  Magistrate Judge Michael R. Merz

WANZA JACKSON-MITCHELL,
  Warden, Warren Correctional Institution,

                                    :
        Respondent.

## REPORT AND RECOMMENDATIONS

This habeas corpus case, brought *pro se* by Petitioner Troy McRae pursuant to 28 U.S.C. § 2254, is before the Court for decision on the merits on the Petition (ECF No. 1), the State Court Record (ECF No. 10), the Return of Writ (ECF No. 11), and Petitioner's Reply (ECF No. 17). Upon filing, Magistrate Judge Karen Litkovitz transferred the case to the Dayton location of Court because Petitioner's conviction occurred in Shelby County, Ohio, a county served by the Dayton judges. S. D. Ohio Civ. R. 82.1(b), (f).

**Litigation History**

On March 30, 2017, McRae was indicted by a Shelby County, Ohio, grand jury on one count of aggravated murder with a repeat violent offender specification (Indictment, State Court Record, ECF No. 10, Ex. 1). He was convicted as charged after jury trial and sentenced to life

imprisonment and a consecutive ten years on the specification. *Id.* at Ex. 4.  He appealed to the Ohio Court of Appeals for the Third Judicial District which affirmed the conviction and sentence. *Id.* at Ex. 8, reported at *State v. McRae*, 2018-Ohio-3435 (Ohio App. 3d Dist., Aug 27, 2018), appellate jurisdiction declined, 2018-Ohio-5209 (Dec. 26, 2018).

On November 26, 2018, McRae filed a *pro se* Application to Reopen his appeal to litigate a claim of ineffective assistance of appellate counsel (State Court Record, ECF No. 10, Ex. 13). The Third District denied reopening.  *Id.* at Ex. 15, appellate jurisdiction declined, *Id.* at Ex. 19.

Petitioner then filed the instant case, pleading three grounds for relief:

> **Ground One:**  Petitioner['s] trial counsel rendered ineffective assistance of counsel in violation of Petitioner constitutional rights.
>
> **Supporting Facts:**  In support of this Ground for Relief, Petitioner assert he was deprived effective assistance of trial counsel in violation of the Sixth Amendment to the United States Constitution when trial counsel:
>
> a) Failed to file a *Notice of Alibi* and call Mary Winemiller, Brandon Williams, William Williams, and Mason Brown, to testify on Petitioner's behalf regarding his whereabouts during the time of the incident surrounding the victim's death.
>
> 13. Petitioner made his trial counsel aware of Mary Winemiller, Brandon Williams, William Williams, and Mason Brown, as witnesses who could testify on his behalf as to his whereabouts during the time of the murder.
>
> 14. Trial counsel being made privy to potential alibi witnesses, failed to subpoena said witnesses and failed altogether to file a *Notice of Alibi* pursuant to Ohio Criminal Rule 12.1, to have the aforementioned potential alibi witnesses testify on behalf of Petitioner to establish where he was during the time of the incident surround the death of the victim.
>
> 15. During pretrial discovery, the State of Ohio furnished the names of Mary Winemiller, Brandon Williams, William Williams, and Mason Brown, to testify that Petitioner was involved and/or committed the crime which led to the death of the victim in this matter.

a. **Deficient Performance**

16. Counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary. In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments." *Strickland v Washington,* 466 U.S. 668, 690-691, 104 S. Ct. 2052, 80 L. Ed. 2d 674.

17. ln the matter before this Court, it is unclear rather Petitioner's trial counsel performed any investigation at all to make a decision to file a notice of alibi pursuant to Ohio Criminal Rule 12.1 to include Mary Winemiller, Brandon Williams, William Williams, and Mason Brown, as potential alibi witnesses and calling these witnesses to testify on behalf of Petitioner.

18. What is evident from the record is that Petitioner maintained his innocence and trial counsel proceeded to trial by utilizing the defense that Petitioner was not guilty and in fact innocent of the charges because he was not at the scene of the crime.

19. Given that Petitioner's trial counsel proceeded to trial utilizing the defense that Petitioner was not guilty and was not present for the crime, not filing a *Notice of Alibi* pursuant to Ohio Criminal Rule 12. l to include the names of potential alibi witnesses Mary Winemiller, Brandon Williams, William Williams, and Mason Brown, and not subpoenaing these witnesses was objectively unreasonable and constitutes deficient performance.

20. The aforementioned witnesses would have bolstered and gave credibility to Petitioner's plausible defense that he was not present during the time the crime occurred.

b. **Prejudice**

21. Trial counsel failing to file a *Notice of Alibi* pursuant to Ohio Criminal Rule 12.1 to include the names of Mary Winemiller, Brandon Williams, William Williams, and Mason Brown, and failing to subpoena the same potential alibi witnesses deprived Petitioner of an adequate defense before the jury.

22. Specifically, the State Appellate Court found that the State of Ohio presented at trial:

> McRae's step-mother testified that the week immediately following the murder, she saw an injury to McRae's left

> hand. Tr. *445*. The coroner testified that the injuries of the victim came from a left-handed assailant. Tr. 464, 467. Aisha Martin ("Martin") testified that McRae was her boyfriend and lived with her. Tr. 542. The Thursday after the murder, he had her take him to Lima and dropped him off at the McDonalds. Tr. 543.
>
> McRae had told her that he got into a "tussle" with the victim and had stabbed the victim, killing him. Tr. *544*. Martin also testified that McRae was left handed and after the day of the murder she observed he had an injury to his left hand. Tr. 545. McRae told Martin that he was injured while he was stabbing the victim. Tr. 545. Timothy Augsback ("Augsback") testified that he is a forensic scientist in the DNA section of BCI [Bureau of Criminal Investigation]. Tr. 580-81. Augsback testified that the blood found on the door knob of the victim's home likely came from McRae. Tr. 589. The blood found on the kitchen sink of the victim's home also likely came from McRae. Tr. 591. The blood found on the victim's medicine cabinet was also consistent with that of McRae. Tr. 592. Given the testimony of Martin and Augsback indicating that McRae was likely present at the scene, counsel for McRae may have determined that the alibi testimony was not credible and not helpful to McRae's case. The record is devoid of any evidence to indicate that it would have changed the outcome of the case.
>
> 23. Given that the State of Ohio could only produce testimony that Petitioner allegedly confessed to the instant crime and could not present any eyewitness evidence that Petitioner actually committed the crime, trial counsel failure to file a *Notice of Alibi* or subpoena Mary Winemiller, Brandon Williams, William Williams, and Mason Brown, to testify on Petitioner's behalf as to his whereabouts prejudiced Petitioner's defense because it allowed the jury to only rely on Petitioner's claim of not being present for the crime from the cross-examinations and arguments made by trial counsel.

(Petition, ECF No. 1, PageID 7-12.)

> **Ground Two:** Petitioner was denied his Sixth and Fourteenth Amendment right under the U.S. Constitutional to a speedy trial.
>
> **Supporting Facts:** In this Ground for Relief, Petitioner assert that he was denied his Sixth and Fourteenth Amendment Constitutional right to a Speedy Trial. Petitioner was arrested on March 22, 2017,

4

and held in the Shelby County Jail awaiting trial until September 11, 2017 when trial commenced.

(Petition, ECF No. 1, PageID 24-26.)

> **Ground Three:** Petitioner was deprived effective assistance of appellate counsel when said counsel failed to raise as an assignment of error: The State of Ohio deprived Petitioner of the right to adequate notice when charging Petitioner with Aggravated Murder.
>
> **Supporting Facts:**
>
> 62. After the Third Appellate District Court of Appeals affirmed the conviction and sentence of the trial court, Petitioner submitted a timely *Application for Reopening* pursuant Ohio Appellate Rule 26(8), wherein he fairly presented and gave the State Court's [sic] a full opportunity to hear the claim presented in this ground for relief.
>
> 63. Petitioner was indicted by a Shelby County Grand Jury for the offense of Aggravated Murder in violation of R.C. 2903.0l(B). The aforementioned offense requires a predicate offense in order to properly charge Aggravated Murder in violation of R.C. 2903.0l(B). *See State v. Harris,* 2008-Ohio-6168, at *P60, 2008 Ohio App. LEXIS 55139.
>
> 64. Petitioner's indictment failed to charge a predicate offense under Ohio law, thereby depriving Petitioner of adequate notice of the offense for which he was being charged.
>
> 65. Petitioner was on direct appeal and when a state guarantees criminal defendants the right to appellate review, the right to effective assistance of counsel extends beyond the state court trial to the first appeal as of right in accordance with the Due Process and Equal Protection Clauses of the United States Constitution. *Evitts v. Lucey,* 469 U.S. 387, 392-93, 105 S. Ct. 830, 83 L. Ed. 2d 821 *(I985)(citing Griffin v. Illinois,* 351 U.S. 12, 18-20, 76 S. Ct 585, 100 L. Ed. 891 (1956); *Douglas v. California,* 372 U.S. 353, 356-57, 83 S. Ct 814, 9 L. Ed. 2d 81 I (1963).
>
> 66. In light of the foregoing facts, appellate counsel deprived Petitioner [of] effective representation in violation of the Sixth and Fourteenth Amendments of the United States Constitution by failing to raise the omitted "inadequate notice" claim on Petitioner's direct appeal.

(Petition, ECF No. 1, PageID 33-35.)

5

# Analysis

**Ground One:  Ineffective Assistance of Trial Counsel**

In his First Ground for Relief, McRae asserts that he received ineffective assistance of trial counsel because his trial attorney did not call alibi witnesses to testify.  McRae raised this asserted ineffective assistance of trial counsel as the first sub-claim in his Second Assignment of Error on direct appeal and the Third District decided it as follows:

> [*P13]  In the second assignment of error, McRae claims he was denied the effective assistance of counsel.
>
> In evaluating whether a petitioner has been denied effective assistance of counsel, this court has held that the test is "whether the accused, under all the circumstances, * * * had a fair trial and substantial justice was done." *State v. Hester* (1976), 45 Ohio St.2d 71, 74 O.O.2d 156, 341 N.E.2d 304, paragraph four of the syllabus. When making that determination, a two-step process is usually employed. "First, there must be a determination as to whether there has been a substantial violation of any of defense counsel's essential duties to his client. Next, and analytically separate from the question of whether the defendant's Sixth Amendment rights were violated, there must be a determination as to whether the defense was prejudiced by counsel's ineffectiveness." *State v. Lytle* (1976), 48 Ohio St.2d 391, 396-397, 2 O.O.3d 495, 498, 358 N.E.2d 623, 627, vacated on other grounds (1978), 438 U.S. 910, 98 S.Ct. 3135, 57 L.Ed.2d 1154.
>
> On the issue of counsel's ineffectiveness, the petitioner has the burden of proof, since in Ohio a properly licensed attorney is presumably competent. See *Vaughn v. Maxwell* (1965), 2 Ohio St.2d 299, 31 O.O.2d 567, 209 N.E.2d 164; *State v. Jackson*, 64 Ohio St.2d at 110-111, 18 O.O.3d at 351, 413 N.E.2d at 822.
>
> *State v. Calhoun*, 86 Ohio St.3d 279, 289, 1999-Ohio-102, 714 N.E.2d 905. "The failure to prove either 1) a substantial violation or

2) prejudice caused by the violation makes it unnecessary for a court to consider the other prong of the test." *State v. Walker*, 3d Dist. Seneca No. 13-15-42, 2016-Ohio-3499, ¶ 20, 66 N.E.3d 349.

[*P14] McRae cites multiple reasons for claiming that his trial counsel was ineffective. The first was that counsel failed to file notice of alibi or to have the alibi witnesses testify at trial. This issue was previously addressed by this court in *State v. Fritz*, 3d Dist. Seneca No. 13-06-39, 2007-Ohio-3138. In *Fritz*, the appellant claimed that his counsel was ineffective for failing to file notice of an alibi and to call the alibi witnesses to testify. This court found it was not ineffective assistance of counsel.

> Generally, a trial counsel's decision whether to call a particular witness falls within the rubric of trial strategy, and will not be second guessed by a reviewing court. * * * Even debatable trial tactics and strategies do not constitute ineffective assistance of counsel. * * * Trial counsel may have employed a reasonable trial strategy in this case by choosing not to call these potential alibi witnesses if, for example, counsel determined that the witnesses lacked credibility and would not assist the defense. * * *Indeed, unreliable witnesses can harm a defendant who offers their testimony in evidence.

*Id*. at ¶ 39. Here, McRae merely indicates that the witnesses would have testified that he was at a different location when the murder occurred. McRae's step-mother testified that the week immediately following the murder, she saw an injury to McRae's left hand. Tr. 445. The coroner testified that the injuries of the victim came from a left-handed assailant. Tr. 464, 467. Aisha Martin ("Martin") testified that McRae was her boyfriend and lived with her. Tr. 542. The Thursday after the murder, he had her take him to Lima and dropped him off at the McDonalds. Tr. 543. McRae had told her that he got into a "tussle" with the victim and had stabbed the victim, killing him. Tr. 544. Martin also testified that McRae was left handed and after the day of the murder she observed he had an injury to his left hand. Tr. 545. McRae told Martin that he was injured while he was stabbing the victim. Tr. 545. Timothy Augsback ("Augsback") testified that he is a forensic scientist in the DNA section of BCI. Tr. 580-81. Augsback testified that the blood found on the door knob of the victim's home likely came from McRae. Tr. 589. The blood found on the kitchen sink of the victim's home also likely came from McRae. Tr. 591. The blood found on the victim's medicine cabinet was also consistent with that of McRae. Tr. 592. Given the testimony of Martin and Augsback indicating that McRae

7

> was likely present at the scene, counsel for McRae may have determined that the alibi testimony was not credible and not helpful to McRae's case. The record is devoid of any evidence to indicate that it would have changed the outcome of the case.

*McRae*, 2018-Ohio-3435.

When a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court. 28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. 86, 131 S. Ct. 770, 785 (2011); *Brown v. Payton,* 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362, 379 (2000). Deference is also due under 28 U.S.C. § 2254(d)(2) unless the state court decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

McRae asserts that the Third District's decision on his failure to call alibi witnesses sub-claim is both contrary to and an unreasonable application of the relevant United States Supreme Court precedent, *Strickland v. Washington,* 466 U.S. 668 (1984), warranting habeas relief under 28 U.S.C. § 2254(d)(1), and an unreasonable determination of the facts on the basis of the evidence presented, warranting relief under 28 U.S.C. § 2254(d)(2)(Petition, ECF No. 1, PageID 14, 18, 20).

The governing standard for ineffective assistance of counsel, as McRae recognizes, is found in *Strickland v. Washington*, 466 U.S. 668 (1984):

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires

8

> showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

466 U.S. at 687. In other words, to establish ineffective assistance, a defendant must show both deficient performance and prejudice. *Berghuis v. Thompkins*, 560 U.S. 370, 389 (2010), citing *Knowles v. Mirzayance*, 556 U.S.111 (2009).

With respect to the first prong of the *Strickland* test, the Supreme Court has commanded:

> Judicial scrutiny of counsel's performance must be highly deferential. . . . A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

466 U.S. at 689.

As to the second prong, the Supreme Court held: "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to overcome confidence in the outcome." 466 U.S. at 694. See also *Darden v. Wainwright*, 477 U.S. 168, 184 (1986), citing *Strickland, supra.; Wong v. Money,* 142 F.3d 313, 319 (6th Cir. 1998), citing *Strickland, supra*; *Blackburn v. Foltz,* 828 F.2d 1177, 1180 (6th Cir. 1987), quoting *Strickland*, 466 U.S. at 687. "The likelihood of a different result must be substantial, not just conceivable." *Storey v. Vasbinder*, 657 F.3d 372, 379 (6th Cir. 2011), quoting *Harrington v. Richter*, 562 U.S.

86, 111-12 (2011).

> In assessing prejudice under Strickland, the question is not whether a court can be certain counsel's performance had no effect on the outcome or whether it is possible a reasonable doubt might have been established if counsel acted differently. See *Wong v. Belmontes,* 558 U.S. 15, 27, 130 S. Ct. 383, 175 L. Ed. 2d 328 (2009) (per curiam); *Strickland*, 466 U.S., at 693, 104 S. Ct. 2052, 80 L. Ed. 2d 674. Instead, *Strickland* asks whether it is "reasonably likely" the result would have been different. Id., at 696, 104 S. Ct. 2052, 80 L. Ed. 2d 674. This does not require a showing that counsel's actions "more likely than not altered the outcome," but the difference between *Strickland's* prejudice standard and a more-probable-than-not standard is slight and matters "only in the rarest case." Id., at 693, 697, 104 S. Ct. 2052, 80 L. Ed. 2d 674. The likelihood of a different result must be substantial, not just conceivable. Id., at 693, 104 S. Ct. 2052, 80 L. Ed. 2d 674.

*Harrington v. Richter,* 562 U.S. 86, 111-112 (2011).

Although the Third District did not expressly cite *Strickland*, it employed the same standard as it has been adopted into Ohio law. Critically, it found that there was no evidence in the appellate record of what the intended alibi witnesses would have testified to. *McRae*, 2018-Ohio-3435, ¶ 14. Instead there was merely McRae's "indication" in his appellate brief about what they would have testified to. *Id.* An Ohio appellate court is limited to deciding cases on the basis of the record before it; facts necessary to support an assignment of error cannot be inserted either by argument in a brief or even by affidavit from the uncalled witnesses. Instead, under Ohio law when a constitutional claim must be supported by evidence outside the record, a defendant must bring those facts before the courts by a petition for post-conviction relief under Ohio Revised Code § 2953.21. The State Court Record shows that McRae has never filed such a petition and the time within which he could have done so has expired. He has not attempted to place before this Court, by affidavit or otherwise, what the alibi witnesses would have said. Indeed, this Court could not consider such a submission as it is barred from considering evidence that was not before the state

courts. *Cullen v. Pinholster*, 563 U.S. 170 (2011). To the extent McRae relies on the content of expected testimony from the alibi witnesses, he has procedurally defaulted his claim that not calling them was ineffective assistance of trial counsel because he has never filed a petition for post-conviction relief.

In the absence of any facts beyond the appellate record, the Magistrate Judge cannot say that the Third District's decision was an unreasonable determination of the facts. The opinion cites to specific pages in the transcript where testimony was given that placed McRae at the scene of the victim's death and McRae does not dispute the accuracy of those citations or cite to any compelling contradictory evidence. On the basis of the facts actually in evidence, the Third District quite reasonably decided that failure to call the alibi witnesses was within reasonable performance parameters of defense counsel. Even if McRae had four witnesses who were prepared to testify he was elsewhere when the victim was murdered, defense counsel might well have believed, based on the evidence of presence that the Third District cited, that the alibis would have been perjurious and of course an attorney has an ethical obligation not to present such testimony.

In addition, without evidence in the record of what the testimony of the alibi witnesses would have been, the Third District also reasonably concluded McRae had not met the prejudice prong of *Strickland*.

The Third District's decision on McRae's failure to call alibi witnesses sub-claim is a reasonable application of *Strickland* and based on a reasonable determination of the facts from the evidence before it. This portion of McRae's First Ground for Relief should therefore be dismissed as without merit.

The sub-claim relating to failure to call alibi witnesses is the only claim of ineffective assistance of trial counsel that McRae makes in his Petition. However, in his Reply he attempts to

11

add a claim that counsel was ineffective for failure to call Julie Heinig, an expert witness for whose retention funds had been obtained from the trial court (ECF No. 17, PageID 347-50). There is no mention of anything like this claim in the Petition and claims may not be added to a habeas case only by including them in a reply. *Jalowiec v. Bradshaw*, 657 F.3d 293 (6th Cir. 2011), *citing Tyler v. Mitchell*, 416 F.3d 500, 504 (6th Cir. 2005). To do so would violate the State's right to notice of the claims against which it must defend, because the reply is the last pleading in a habeas corpus case.

Even if this Court reached the merits, it would not grant relief. McRae raised this claim before the Third District which rejected it on the basis that there was nothing in the record to show what Dr. Heinig would have testified to. *McRae*, 2018-Ohio-3435, ¶ 15. McRae points to no place in the record where there is evidence of what Dr. Heinig would have testified to.

In sum, McRae's First Ground for Relief should be dismissed with prejudice.

**Ground Two: Denial of Constitutional Right to a Speedy Trial**

In his Second Ground for Relief, McRae asserts that he was deprived of his constitutional right to a speedy trial, guaranteed by the Sixth and Fourteenth Amendments.

The only facts McRae cites in support of this claim are the undisputed facts that he was arrested March 22, 2017, and held in the Shelby County Jail awaiting trial until September 11, 2017, when the trial began.

McRae raised denial of his speedy trial rights as his Fourth Assignment of Error on direct appeal and the Third District decided it as follows:

> [*P20] Finally, McRae alleges in his fourth assignment of error that his speedy trial rights were violated. Both the United States

12

Constitution and the Ohio Constitution guarantee a criminal defendant the right to a speedy trial. *State v. Baker,* 78 Ohio St.3d 108, 110, 1997-Ohio-229, 676 N.E.2d 883. Additionally, R.C. 2945.71 through 2945.73 provide specific time requirements in which the state must bring an accused to trial. The Ohio speedy-trial statute is mandatory and must be construed strictly against the state. *State v. Steinke*, 158 Ohio App.3d 241, 2004-Ohio-1201, 814 N.E.2d 1230, ¶ 5. R.C. 2945.71(C)(2) provides that a person against whom a felony charge is pending must be brought to trial within 270 days from the date of arrest, not including the date of his arrest. *State v. Masters*, 172 Ohio App.3d 666, 670, 2007-Ohio-4229, 876 N.E.2d 1007, ¶ 9. When an accused is held in jail in lieu of bail on the pending charge, each day is counted as three days. Id. and R.C. 2945.71(E).

[*P21] An appellate court's review of speedy trial issues involves a mixed question of law and fact. *State v. Hayman*, 3d Dist. Seneca No. 13-09-11, 2010-Ohio-1264. "A reviewing court must give due deference to the trial court's findings of facts if they are supported by competent credible evidence, but will independently review whether the trial court correctly applied the law to the facts of the case." *Masters, supra* at ¶ 11.

[*P22] Here, McRae was arrested on March 22, 2017, and remained in jail pending trial. He was charged with a felony, so pursuant to R.C. 2945.71(C), the State had 90 days to bring him to trial. This puts the deadline at June 20, 2017. The trial was not held until September 11, 2017. However, before the deadline had passed, a waiver of speedy trial rights was requested by counsel for McRae to allow for trial preparation. Generally an accused may waive his constitutional right to a speedy trial. *State v. O'Brien*, 34 Ohio St.3d 7, 9, 516 N.E.2d 218 (1987). "[A] defendant's right to be brought to trial within the time limits expressed in R.C. 2945.71 may be waived by his counsel for reasons of trial preparation and the defendant is bound by the waiver even though the waiver is executed without his consent." *State v. McBreen*, 54 Ohio St.2d 315, 320, 376 N.E.2d 593 (1978).

[*P23] In this case, McRae's trial started on September 11, 2017, which was 140 days after he was taken into custody. However, on May 19, 2017, counsel for McRae filed a motion to continue along with a waiver of the speedy trial rights. A hearing was held on the motion and McRae made his objections known. [footnote omitted] Counsel indicated that the additional time was needed because 1) it was a serious charge, 2) evidence such as the coroner's report and the DNA results were not available with less than a month before

13

>the trial, 3) McRae had disclosed a potential alibi witness who had yet to be interviewed, and 4) discovery was still outstanding with not all witnesses identified. Doc. 62. Based upon these issues, counsel indicated that he could not have an adequate, competent defense prepared for McRae by the trial date. Id. The trial court granted the motion noting that McRae had voiced his objections to the request. Doc. 69. After the arguments were made, the trial court made the following determination. "Considering the nature of the offense charged i.e. Aggravated Murder, the complexity of trying such a case, the need of defense counsel to review completely and prepare defenses to all the scientific evidence, the court believes that the motion of defense counsel is in the [best] interests of the defendant and the motion should be granted even though the defendant objects." Id. Since McRae is bound by the waiver of speedy trial rights by his counsel pursuant to the holding in *McBreen*, he is not entitled to have the case discharged for failure of the trial beginning within 90 days of his arrest.
>
>[*P24] McRae also argues that he revoked his waiver by filing his pro se motion to dismiss for a speedy trial violation on June 19, 2017. At the time of the motion, McRae was represented by counsel. In Ohio, a criminal defendant has the right to representation by counsel or to proceed pro se with the assistance of standby counsel. However, these two rights are independent of each other and may not be asserted simultaneously. *State v. Martin*, 103 Ohio St.3d 385, 2004-Ohio-5471, 816 N.E.2d 227, ¶ 32. At no time did McRae ask to have his counsel removed. Thus, the trial court correctly determined that McRae's pro se motion should be struck because McRae was represented by counsel. Based upon the above reasons, the fourth assignment of error is overruled.

*McRae*, 2018-Ohio-3435.

Although the Third District discussed this Assignment in terms of the Ohio speedy trial statute, Ohio Revised Code § 2945.71, McRae's appellate counsel raised both the statutory and constitutional grounds (Appellant Brief, State Court Record, ECF No. 10, Ex. 6, PageID 101).

A state court decision can constitute an "adjudication on the merits" entitled to deference under 28 U. S.C. § 2254(d)(1) even if the state court does not explicitly refer to the federal claim or to relevant federal case law. In *Harrington v. Richter*, 562 U.S. 86 (2011), the Supreme Court held:

14

> By its terms § 2254(d) bars relitigation of any claim "adjudicated on the merits" in state court, subject only to the exceptions in §§ 2254(d)(1) and (d)(2). There is no text in the statute requiring a statement of reasons. The statute refers only to a "decision," which resulted from an "adjudication." As every Court of Appeals to consider the issue has recognized, determining whether a state court's decision resulted from an unreasonable legal or factual conclusion does not require that there be an opinion from the state court explaining the state court's reasoning. *See Chadwick v. Janecka*, 312 F.3d 597, 605-606 (CA3 2002); *Wright v. Secretary for Dept. of Corrections*, 278 F.3d 1245, 1253-1254 (CA11 2002); *Sellan v. Kuhlman*, 261 F.3d 303, 311-312 (CA2 2001); *Bell v. Jarvis*, 236 F.3d 149, 158-162 (CA4 2000) (en banc); *Harris v. Stovall,* 212 F.3d 940, 943, n. 1 (CA6 2000); *Aycox v. Lytle,* 196 F.3d 1174, 1177-1178 (CA10 1999); *James v. Bowersox*, 187 F.3d 866, 869 (CA8 1999). And as this Court has observed, a state court need not cite or even be aware of our cases under § 2254(d). *Early v. Packer*, 537 U.S. 3, 8, 123 S. Ct. 362, 154 L. Ed. 2d 263 (2002) (per curiam). Where a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief. This is so whether or not the state court reveals which of the elements in a multipart claim it found insufficient, for § 2254(d) applies when a "claim," not a component of one, has been adjudicated.

*Id.* at 98. "This Court now holds and reconfirms that § 2254(d) does not require a state court to give reasons before its decisions can be deemed to have been 'adjudicated on the merits.'" *Id.* at 100. "When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary*." Brown v. Bobby*, 656 F.3d 325, 329 (6th Cir. 2011), *quoting Harrington,*131 S. Ct. at 784-85. This Court therefore presumes the Third District decided McRae's constitutional speedy trial claim on the merits.

That decision is not an unreasonable application of the controlling Supreme Court precedent, *Barker v. Wingo,* 407 U.S. 514, 530-32 (1972). In *Barker* the Court developed a four-part balancing test to use in determining whether a defendant's constitutional right to a speedy trial

15

has been violated: (1) the length of the delay; (2) the reasons for the delay; (3) whether the defendant has asserted his right; and (4) prejudice to the defendant. 407 U.S. 530-32. Delay is presumptively prejudicial where the post-accusation delay approaches one year. *Doggett v. United States*, 505 U.S. 647 (1992).

As the Third District found and as Respondent argues, the delay from arrest to trial was 141 days, far less than the one year delay required to trigger a presumption of prejudice and analysis of the remaining *Barker* factors. But even if the delay had been presumptively too long, McRae cannot prevail on the other factors in *Barker*.

Without doubt, McRae asserted his right to a speedy trial by refusing to consent to the waiver his counsel filed and attempting to withdraw that consent by filing *pro se*. Even though the trial court struck that filing, it shows the strength of McRae's assertion of his speedy trial right.

McRae's counsel set forth the reasons for the delay when he advised the trial judge that forensic evidence production was not complete. In his Reply, McRae restructures this argument as a claim that trial counsel was ineffective in seeking the continuance because he could have forced the case to trial before the prosecutor was prepared. Because at least some of that evidence was from DNA, McRae's argument here runs counter to his claim that the DNA evidence would have exonerated him. In any event, his argument discounts the possibility the prosecutor could have obtained a continuance excluded form speedy trial calculations by presenting the same points.

McRae has also shown no prejudice: there were no witnesses who became unavailable or whose memories were dimmed by the passage of time.

In sum, the Third District's decision on the speedy trial claim is neither contrary to nor an objectively unreasonable application of *Barker*. The speedy trial claim should therefore be dismissed with prejudice.

**Third Ground for Relief: Ineffective Assistance of Appellate Counsel**

In his Third Ground for Relief, McRae claims he received ineffective assistance of appellate counsel when his appellate attorney failed to plead as an assignment of error that the Indictment was constitutionally insufficient because it omitted an element, the predicate offense.

McRae raised this claim by filing an application to reopen his appeal (State Court Record, ECF No. 10, Ex. 13). This is the method required by Ohio law for raising a claim of ineffective assistance of appellate counsel. *State v. Murnahan*, 63 Ohio St. 3d 60 (1992); *Carter v. Mitchell,* 693 F.3d 555, 564 (6th Cir. 2012).

Denying the Application, the Third District held:

> Appellant alleges that his appellate counsel was ineffective for failing to raise error claiming the indictment las defective. As noted in Appellee's memorandum, all but plain error was waived regarding this argument because it was not raised before trial. As such, we find no genuine issue showing that this issue had such merit that the result would have been different if it had been included in the first instance. Appellate counsel's performance and the arguments that were raised on direct appeal were not below an objective standard of reasonable representation. Accordingly, the application is not well taken.

(Judgment Entry, State Court Record, ECF No. 10, Ex. 15, PageID 288-89).

A criminal defendant is entitled to effective assistance of counsel on appeal as well as at trial, counsel who acts as an advocate rather than merely as a friend of the court. *Evitts v. Lucey*, 469 U.S. 387 (1985); *Penson v. Ohio*, 488 U.S. 75 (1988); *Mahdi v. Bagley*, 522 F.3d 631, 636 (6th Cir. 2008). The *Strickland* test applies to appellate counsel. *Smith v. Robbins*, 528 U.S. 259, 285 (2000); *Burger v. Kemp,* 483 U.S. 776 (1987). To evaluate a claim of ineffective assistance of appellate counsel, then, the court must assess the strength of the claim that counsel failed to

17

raise. *Henness v. Bagley*, 644 F.3d 308 (6th Cir. 2011), *citing Wilson v. Parker*, 515 F.3d 682, 707 (6th Cir. 2008). Counsel's failure to raise an issue on appeal amounts to ineffective assistance only if a reasonable probability exists that inclusion of the issue would have changed the result of the appeal. *Id.*, *citing Wilson.*

Ohio has a criminal procedural rule that requires that defects in an indictment must be raised before trial. Ohio R. Crim. P. 12(C)(2). The objection McRae now makes to the Indictment was not made before trial, so that if it had been raised on appeal, review would have been for plain error only. Had appellate counsel raised this claim and the Third District had reviewed it for plain error, the claim would have been procedurally defaulted for habeas review.

"Notice of plain error under [Ohio] Crim R. 52(B) is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." *State v. Long*, 53 Ohio St. 2d 91 (1978), paragraph three of the syllabus. An Ohio state appellate court's review for plain error is enforcement, not waiver, of a procedural default. *Wogenstahl v. Mitchell*, 668 F.3d 307, 337 (6th Cir. 2012); *Jells v. Mitchell,* 538 F.3d 478, 511 (6th Cir. 2008); *Lundgren v. Mitchell,* 440 F.3d 754, 765 (6th Cir. 2006); *White v. Mitchell,* 431 F.3d 517, 525 (6th Cir. 2005); *Biros v. Bagley*, 422 F.3d 379, 387 (6th Cir. 2005); *Hinkle v. Randle*, 271 F.3d 239 (6th Cir. 2001).

McRae has not shown that this claim was stronger than the other claims raised on direct appeal or that he should have prevailed on a plain error review. His claim is that the Indictment failed to charge a predicate offense, but the Indictment plainly charges:

> COUNT I - AGGRAVATED MURDER - O.R.C. 2903.0 I (B) – Unclassified
>
> On or about March 12, 2017, [Troy Delano McRae, Jr.] did in this County violate Ohio Revised Code Section 2903.0I(B), in that he did purposely cause the death of another while committing or attempting to commit, or while fleeing immediately after committing or attempting to commit, robbery, to wit: he did purposely cause the death of Lance Johnson by repeatedly stabbing

> him with a knife while committing or fleeing immediately after committing the offense of robbery, being an unclassified felony.

Thus the charged predicate offense, robbery, is plain on the face of the Indictment. Robbery is one of the qualifying predicate offenses for aggravated murder. Ohio Revised Code § 2903.01(B) provides:

> (B) No person shall purposely cause the death of another or the unlawful termination of another's pregnancy while committing or attempting to commit, or while fleeing immediately after committing or attempting to commit, kidnapping, rape, aggravated arson, arson, aggravated robbery, robbery, aggravated burglary, burglary, trespass in a habitation when a person is present or likely to be present, terrorism, or escape.

McRae was charged in the words of the statute and the Indictment included the date of the offense, the name of the victim, and the means of committing the offense, by stabbing.

In his Reply, McRae attempts to turn Ground Three from a claim of ineffective assistance of appellate counsel to a claim of ineffective assistance of trial counsel. That is, he asserts his trial attorney provided ineffective assistance of trial counsel by not challenging the indictment in the way he now does (Reply, ECF No. 17, PageID 354). This is a claim he never made in the state court proceedings. His 26(B) Application asserted he received ineffective assistance of appellate counsel when his appellate attorney did not challenge the indictment directly. He made no claim that his appellate attorney was ineffective for not claiming his trial attorney was ineffective in this respect.

Because the Indictment is not deficient for omitting an element and because trial counsel never challenged the Indictment in this respect, it was not ineffective assistance of appellate counsel for appellate counsel to fail to raise the omitted Assignment of Error. The Third District's decision is not an objectively unreasonable application of *Strickland* as it applied to appellate

19

counsel and the Third Ground for Relief should be dismissed.

**Conclusion**

Based on the foregoing analysis, it is respectfully recommended that the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

September 30, 2020.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.