# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

TROY McRAE,

        Petitioner,  :  Case No. 3:20-cv-168

  - vs -                            District Judge Walter H. Rice
                                   Magistrate Judge Michael R. Merz

WANZA JACKSON-MITCHELL,
  Warden, Warren Correctional Institution,

                                           :
        Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Petitioner's Objections (ECF No. 19) to the Magistrate Judge's Report and Recommendations ("Report, ECF No. 18) recommending the Petition be dismissed with prejudice.  Judge Rice has recommitted the case to the Magistrate Judge for reconsideration in light of the Objections (ECF No. 20).

**Ground One:  Ineffective Assistance of Trial Counsel**

In his First Ground for Relief, McRae asserts that he received ineffective assistance of trial counsel because his trial attorney did not call alibi witnesses to testify.  More specifically, he claims he provided his trial attorney with the names of four alibi witnesses, but counsel did not investigate these witnesses, file a notice of alibi, or subpoena these witnesses to appear.

1

The Third District Court of Appeals, which heard the case on direct appeal, rejected this claim because of usual deference to trial attorney decisions about what witnesses to call and absence of any record of what the four witnesses would have testified to. *State v. McRae*, 2018-Ohio-3435 (Ohio App. 3d Dist., Aug 27, 2018), appellate jurisdiction declined, 2018-Ohio-5209 (Dec. 26, 2018). In his filings in this case, McRae cited no place in the State Court Record where there was any proof that his attorney failed to investigate these potential witnesses or what they would have testified, except for McRae's uncorroborated claim that they would have placed him somewhere else at the time of the murder.

The Report concluded the Third District's decision was not an unreasonable application of the controlling Supreme Court precedent, *Strickland v. Washington,* 466 U.S. 668 (1984). It also noted the forensic identification of McRae's blood at three places at the crime scene.

In his Objections, McRae merely reasserts his counsel did not investigate the witnesses and that those witnesses would have given probative alibi evidence (ECF No. 19, PageID 404-05). He offers no record references of any proof of those facts. He does not rebut the Report's conclusion that he never filed a petition for post-conviction relief to present any such evidence.

Instead of pointing to any such evidence, he argues that the State's evidence not conclusive. He admits his stepmother testified he had an injury to his left hand after the murder, but he claims she was lying. He admits the coroner testified the assailant was left-handed, but says it could have been someone else. *Id.* at PageID 408. He disputes at length the accuracy of Aisha Martin's testimony. *Id.* at PageID 408-09.

Review of the State Court Record makes it clear no notice of alibi was filed and none of the identified witnesses testified. Other than that, the State Court Record provides no evidentiary substantiation of McRae's claim of ineffective assistance of trial counsel. The Magistrate Judge again recommends it be dismissed with prejudice.

**Ground Two:  Denial of Speedy Trial**

In his Second Ground for Relief, McRae claims he was denied his Sixth Amendment right to a speedy trial.

On direct appeal McRae raised both a state speedy trial claim under Ohio Revised Code § 2945.71 and a Sixth Amendment claim.  The Third District discussed only the state statutory claim, but because the statutory standard is much stricter than the Sixth Amendment standard, a trial which satisfied the state standard would also satisfy the federal standard.

The record establishes that he was arrested March 22, 2017, and held in jail until his trial began September 11, 2020.  This is longer than the ninety days allowed by Ohio Revised Code § 2945.71, but McRae's trial counsel requested, over his objection a continuance to be able to review the State's evidence, which had not yet been produced in discovery.

In his Objections, McRae conflates the two standards and claims even one day over the ninety-day limit in the statute is unconstitutional (ECF No. 19, PageID 411), but is simply not the law.  As the Report notes the critical Supreme Court precedent is *Barker v. Wingo,* 407 U.S. 514, 530-32 (1972), whose four-factor test McRae acknowledges as binding.  But the Supreme Court has also held delay is presumptively prejudicial only where the post-accusation delay approaches one year.  *Doggett v. United States*, 505 U.S. 647 (1992).  The delay here was less than half of that and McRae has shown no prejudice.

McRae acknowledges that his counsel waived the speedy trial time, but contends it was not for good reasons.  Even if the delay did not produce evidence that exonerated McRae, they are reasonable on their face and the question of whether an attorney is ready for trial is uniquely a question of that attorney's professional judgment.

McRae's constitutional speedy claim is without merit and the Magistrate Judge again recommends it be dismissed.

**Ground Three:  Ineffective Assistance of Appellate Counsel**

In his Third Ground for Relief, McRae claims he received ineffective assistance of appellate counsel when his appellate attorney failed to plead as an assignment of error that the Indictment was constitutionally insufficient because it omitted an element, the predicate offense.  The Report concluded this claim was without merit because the predicate was incorrect:  the Indictment does in fact allege the required predicate offense.  The Third District had reached the same conclusion on McRae's 26(B) Application.

The Objections argue at some length that the motion to suppress hearing showed that there was insufficient information in support of the Complaint in Municipal Court to justify the issuance of an arrest warrant (ECF No. 19, PageID 415-18).  This argument is simply irrelevant to a claim that the Indictment was insufficient.  An indictment returned by a grand jury completely replaces the complaint as the charging instrument in a felony case.  The question raised by this Ground for Relief is whether the Indictment sufficiently charges aggravated murder, not whether there was probable cause to support the underlying complaint in Municipal Court.

McCrae, after many pages on his Third Ground, finally asserts "if robbery is one of the qualifying predicate offenses for aggravated murder, then he should have been charged with robbery. In the absence of the underlying offense of robbery, McRae Jr.'s sentence and conviction are unconstitutional." (Objections, ECF No. 19, PageID 425).   McCrae's argument confuses the requirement of clarity in the indictment by specifying what the predicate offense was (which McRae admits happened here by copying out the words of the aggravated murder count) and obtaining a

4

separate conviction for the predicate offense. The Constitution requires that a predicate offense be alleged, as it was here. It also requires that the State prove, beyond a reasonable doubt, that a robbery happened as part of its proof of aggravated murder. The Constitution does not require that an aggravated murder also be charged with the predicate offense as a separate crime. McRae cites no case law to the contrary.

McRae notes that the Indictment alleges "stabbing" which he correctly notes is not a predicate offense for aggravated murder. But in the Indictment here, "stabbing" is not pleaded as a predicate offense, but rather as the "means and method" of committing the robbery. In other word, "stabbing" is the alleged force used to commit the robbery.

Because the Indictment did properly allege one of the predicate offenses listed in Ohio Revised Code § 2903.01 it was not defective and it was not ineffective assistance of appellate counsel to fail to claim it was defective. McRae's Third Ground for Relief is without merit.

**Conclusion**

Having reconsidered the Report in light of the Objections, the Magistrate Judge again recommends that the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

October 24, 2020.

s/ *Michael R. Merz*<br>United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.