IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

TROY McRAE,

    Petitioner,

v.

WANZA JACKSON-MITCHELL,
Warden, Warren Correctional
Institution,

    Respondent.

:

:   Case No. 3:20-cv-168

:   JUDGE WALTER H. RICE

:

DECISION AND ENTRY ADOPTING UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS (DOC. #18) AND SUPPLEMENTAL REPORT AND RECOMMENDATIONS (DOC. #21); OVERRULING PETITIONER'S OBJECTIONS THERETO (DOCS. #19, 22); DISMISSING WITH PREJUDICE PETITION FOR WRIT OF HABEAS CORPUS (DOC. #1); DENYING CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS*; JUDGMENT TO ENTER IN FAVOR OF RESPONDENT AND AGAINST PETITIONER; TERMINATION ENTRY

In 2017, Troy McRae was convicted of Aggravated Murder. He was sentenced to 30 years to life in prison, with an extra 10 years based on the finding that he was a repeat violent offender. He later filed a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254, Doc. #1. On September 30, 2020, United States Magistrate Judge Michael R. Merz filed a Report and Recommendations, Doc. #18, recommending that the Court dismiss the Petition with prejudice, deny a certificate of appealability and deny leave to appeal *in forma pauperis.* After McRae filed Objections to the Report and Recommendations, Doc. #19, the Court

recommitted the matter to the Magistrate Judge with instructions to file a supplemental report analyzing the Objections and make further recommendations, Doc. #20.

On October 26, 2020, Magistrate Judge Merz filed a Supplemental Report and Recommendations, Doc. #21, again recommending that the Petition be dismissed with prejudice.  This matter is currently before the Court on McRae's Objections to the Supplemental Report and Recommendations, Doc. #22.  The Court must review *de novo* any portions of the Reports and Recommendations to which proper Objections have been filed.  Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1).

Based on the reasoning and citations of authority set forth in the Report and Recommendations, Doc. #18, and Supplemental Report and Recommendations, Doc. #21, as well as upon a thorough *de novo* review of this Court's file and the applicable law, the Court ADOPTS said judicial filings in their entirety.  The Court OVERRULES Petitioner's Objections, Docs. ##19, 22.

In his First Ground for Relief, McRae asserts a claim of ineffective assistance of trial counsel, which is governed by *Strickland v. Washington*, 466 U.S. 668 (1984).  To succeed on this claim, McRae must show deficient performance by his attorney, and resulting prejudice.  *Id.*

McRae argues that his attorney should have investigated four alibi witnesses and called them to testify.  The Third District Court of Appeals held that, given the testimony of McRae's girlfriend that he admitted to killing the victim, and the DNA

evidence showing that blood found at multiple locations in the victim's home likely came from McRae, counsel may have determined that the alibi testimony was not credible and would not have been helpful.  The court further found no evidence in the record to indicate that such testimony would have changed the outcome of the case. *State v. McRae*, 2018-Ohio-3435, ¶ 14 (Ohio App. 3d Dist. Aug. 27, 2018).

As Magistrate Judge Merz explained, McRae never filed a petition for post-conviction relief in an effort to present additional evidence of what these alibi witnesses would have said.  Accordingly, to the extent that he relies on the content of their anticipated testimony, he has procedurally defaulted this claim. Doc. #18, PageID##382-83.  Even if the claim were not procedurally defaulted, it fails on the merits.  Magistrate Judge Merz properly found that the Third District's decision is a reasonable application of *Strickland*, and is based on a reasonable determination of the facts that were before the court.  The First Ground for Relief is therefore dismissed with prejudice.

In his Second Ground for Relief, McRae argues that his speedy trial rights were violated.  McRae's counsel filed a motion to continue, along with a waiver of speedy trial rights, explaining that he needed additional time to gather evidence for trial.  The court granted the motion over McRae's objections.  The Third District held that, under Ohio law, McRae was bound by his counsel's waiver. *McRae*, 2018-Ohio-3435, at ¶¶ 22-23.

McRae admits that the state standard is stricter than the Sixth Amendment standards.  Doc. #22, PageID#445.  Yet he argues that the Third District erred in failing to analyze his claim under the Sixth Amendment.  As Magistrate Judge Merz explained, however, under the circumstances presented here, it may be presumed that the court decided McRae's federal claim on the merits. *See Harrington v. Richter*, 562 U.S. 86, 99 (2011) ("When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary.").

Magistrate Judge Merz properly found that the state court's decision is neither contrary to nor an unreasonable application of the four-part balancing test set forth in *Barker v. Wingo*, 407 U.S. 514, 530-32 (1972), for determining whether Sixth Amendment speedy trial rights have been violated.  The fact that the trial court held no separate "hearing" on the speedy trial issue is of no import.  The trial court heard counsel's arguments, acknowledged McRae's objection to the request for a continuance, and granted the motion to continue.  Magistrate Judge Merz correctly concluded that this claim fails on the merits and should be dismissed with prejudice.

In his Third Ground for Relief, McRae asserts a claim of ineffective assistance of appellate counsel.  This claim is based on his attorney's failure to argue that the indictment was constitutionally deficient in that, in charging him

4

with Aggravated Murder, it omitted detailed information about the predicate offense of robbery.

In denying his application to reopen his appeal, the Third District Court of Appeals reviewed this claim for plain error and found none. It determined that counsel's performance and the arguments raised on direct appeal did not fall below an objective standard of reasonable representation. Doc. #10, PageID##288-89.

Magistrate Judge Merz noted that the indictment plainly charged McRae with purposely causing the death of another, *i.e.*, repeatedly stabbing Lance Johnson with a knife "while committing or fleeing immediately after committing the offense of robbery." Because robbery is one of the predicate offenses for Aggravated Murder, the indictment was not defective. *See* Ohio Revised Code § 2903.01(B). Contrary to McRae's belief, the State was not required to *charge* robbery as a separate offense.[1]

The Court agrees with Magistrate Judge Merz that the Third District's decision is not contrary to or an objectively unreasonable application of *Strickland*. The Third Ground for Relief is, therefore, subject to dismissal on the merits.

For the reasons set forth above, the Court DISMISSES WITH PREJUDICE the Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254, Doc. #1.

---

[1] In his Objections to the Supplemental Report and Recommendations, McRae further argues that "the State did not prove that a robbery had happened and that he had committed a robbery." Doc. #22, PageID#450. This claim of insufficient evidence, however, is outside the scope of his Third Ground for Relief.

5

Given that Petitioner has not made a substantial showing of the denial of a constitutional right and, further, that the Court's decision herein would not be debatable among reasonable jurists, and because any appeal from this Court's decision would be *objectively* frivolous, Petitioner is denied a certificate of appealability, and is denied leave to appeal *in forma pauperis*.

Judgment will be entered in favor of Respondent and against Petitioner.

The captioned case is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

Date: February 10, 2021

(tp - per Judge Rice authorization after his review)

WALTER H. RICE
UNITED STATES DISTRICT JUDGE