# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

TROY McRAE,

        Petitioner,      :      Case No. 3:20-cv-168

  - vs -                            District Judge Walter H. Rice
                                      Magistrate Judge Michael R. Merz

WARDEN,
  Ross Correctional Institution,

                              :
        Respondent.

## DECISION AND ORDER DENYING MOTION FOR LACK OF JURISDICTION

      This habeas corpus case, brought *pro se* by Petitioner Troy McRae, is before the Court on Petitioner's Request for a Final Verdict on Motion to Suppress (ECF No. 25). Petitioner requests that this Court render a "final verdict" on his motion to suppress, a copy of which is in the State Court Record as Exhibit C to his Brief on Appeal (ECF No. 10, PageID 129, *et seq.*).

      In his habeas corpus Petition to this Court, McRae pleaded three grounds for relief, ineffective assistance of trial counsel in Ground One (failure to file notice of alibi), denial of speedy trial in Ground Two, and ineffective assistance of appellate counsel in Ground Three. District Judge Rice denied those three grounds for relief on the merits and Petitioner took no appeal (ECF Nos. 23 & 24). Thus the questions presented by the Motion to Suppress were never presented to this Court for decision. In most cases a habeas court cannot in any event consider a Fourth Amendment claim on the merits. *Stone v. Powell*, 428 U.S. 465 (1976).

1

Because the merits of any Fourth Amendment claim were never placed before this Court as part of the habeas corpus petition, the Court lacks jurisdiction to rule on those merits. Federal courts are courts of limited jurisdiction; they are empowered to hear only those cases which are within the judicial power of the United States as defined in the United States Constitution and as further granted to them by Act of Congress. *Finley v. United States*, 490 U.S. 545, 550 (1989); *Aldinger v. Howard*, 427 U.S. 1, 15 (1976). Therefore there is a presumption that a federal court lacks jurisdiction until it has been demonstrated. *Turner v. President, Directors and Co. of the Bank of North America,* 4 U.S. 8 (1799). "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 94 (1998) (quoting *Ex parte McCardle,* 74 U.S. (7 Wall.) 506, 514, 19 L. Ed. 264 (1868)). Federal courts are particularly forbidden to provide advisory opinions on legal questions not before them.

Petitioner's Motion is therefore denied for lack of jurisdiction.

September 29, 2021.

s/ *Michael R. Merz*
United States Magistrate Judge
